IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**BRIAN BREITKREUTZ,**
an individual,

    **Plaintiff,**

v.                                       Civil Action No. 2:17-cv-03914

**WARWICK MOTOR CARRIERS, INC.,**
an Ohio Corporation, and
**CLYDE PRENTISS,**
an individual,

    **Defendants.**

## COMPLAINT

**COMES NOW**, the Plaintiff, Brian Breitkreutz, by counsel, Charles M. Johnstone, II, Esq., David A. Dobson, Esq., and the law firm of Johnstone & Gabhart, LLP and for his Complaint against the Defendants, Warwick Motor Carriers, Inc. and Clyde Prentiss, states and avers as follows:

## THE PARTIES

1. The Plaintiff, Brian Breitkreutz ("Plaintiff"), is a citizen and resident of the State of West Virginia. At all times relevant herein, Plaintiff resides at 1489 Lakewood Drive, Charleston, West Virginia 25312.

2. Upon information and belief, the Defendant, Warwick Motor Carriers, Inc. ("Defendant Warwick") is an Ohio corporation with its principal office located at 5080 Wooster Road West, Norton, Ohio 44203. According to the Ohio Secretary of State, Defendant Warwick's registered agent and notice of process address is Brian Billinovich, 18268 Warwick Road, Marshallville, Ohio 44645.

3. Upon information and belief, the Defendant, Clyde Prentiss ("Defendant Prentiss") is an employee and registered agent of Defendant Warwick and was acting in the scope of his

employment with Defendant Warwick at the time of the incident which is the subject of this Complaint.  Upon further information and belief, Defendant Prentiss is a citizen and resident of the State of Ohio, and maintains a residence at 4988 S. Hametown Road, Norton, Ohio 44203.

## JURISDICTION AND VENUE

4. This is a civil-action arising out of a trucking accident which occurred on September 9, 2015 on Interstate 77 in Chelyan, Kanawha County, West Virginia.

5. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper because the accident at issue in this Complaint occurred within the Southern District of West Virginia, namely, Kanawha County.

## FACTUAL ALLEGATIONS

7. On September 9, 2015, at approximately 2:39 p.m., Plaintiff was traveling southbound on Interstate 77 in Chelyan, Kanawha County, West Virginia.  At that time, Plaintiff was operating a 2008 Ford F350 truck in the scope of his employment for Frontier Communications, and was traveling in the merge area of a right lane closure, due to road work/construction in the area.

8. At the same time, Defendant Prentiss was also traveling southbound on Interstate 77, directly behind Plaintiff in the merge area.  Defendant was operating a 2007 Volvo TT truck-tractor with semi-trailer, in the scope of his employment for Defendant Warwick.

9. However, in violation of West Virginia law, Defendant Prentiss was following too closely to Plaintiff's vehicle, and carelessly, recklessly and negligently collided with the rear of Plaintiff's vehicle.

10. As a direct, proximate and foreseeable result of Defendants' carelessness, recklessness, and negligence, Plaintiff sustained serious and permanent injuries, requiring extensive medical treatment.

## COUNT I:

## NEGLIGENCE AGAINST DEFENDANT PRENTISS

11. Plaintiff hereby realleges each and every allegation contained in paragraphs one (1) through ten (10) of the Complaint as though said allegations were fully set forth herein.

12. At all times relevant herein, Defendant Prentiss had a duty to exercise reasonable and ordinary care and to comply with the laws and regulations of the State of West Virginia and the United States during the operation of a motor vehicle over the roadways and highways in the State of West Virginia.

13. Defendant Prentiss failed to exercise reasonable and ordinary care and was otherwise careless, reckless, and negligent in the operation of the truck-tractor with semi-trailer as described herein by, among other things, following too closely and failing to maintain control of the truck-tractor with semi-trailer.

14. Defendant Prentiss' violations and failures to comply with the laws and regulations of the State of West Virginia and the United States as stated herein create a rebuttable prima facie presumption of negligence.

15. Following the collision, Defendant Prentiss was found to be solely at fault for the collision by investigating officers.

16. As a direct, proximate and foreseeable result of the Defendant Prentiss' careless, reckless, and negligent actions and conduct as described herein, Plaintiff suffered severe and permanent personal injuries and sustained the following damages:

    a) Past, present and future medical expenses;

    b) Past, present and future physical pain and suffering;

    c) Past, present and future permanent physical impairment;

    d) Past, present and future mental anguish;

    e) Past, present and future emotional distress;

    f) Past, present and future loss of household services;

    g) Past, present and future lost wages and diminished earning capacity;

      h)      Past, present and future annoyance and inconvenience; and

      i)      Past, present and future loss of capacity to enjoy life

**WHEREFORE**, Plaintiff demands judgment as set forth below.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT WARWICK

      17.      Plaintiff hereby realleges each and every allegation contained in paragraphs one (1) through sixteen (16) of the Complaint as though said allegations were fully set forth herein.

      18.      Defendant Warwick, as the owner of the truck-tractor with semi-trailer and employer of Defendant Prentiss, who was acting in the scope of his employment, is vicariously liable for the negligence and recklessness of Defendant Prentiss as set forth in Court I of this Complaint.

      19.      At all times relevant herein, Defendant Warwick, as a motor carrier, had a duty to exercise reasonable and ordinary care and to comply with the laws and regulations of the State of West Virginia and the United States regarding the operation of commercial vehicles.

      20.      Specifically, as the owner of the truck-tractor with semi-trailer and as a motor carrier doing business in interstate commerce, Defendant Warwick is responsible for the acts of its drivers and the operation of its vehicles, including the truck-tractor with semi-trailer involved in the collision which resulted in serious damages to the Plaintiff.

      21.      Defendant Warwick is vicariously liable for each and every violation set forth in Count I as it relates to the operation of the truck-tractor with semi-trailer as well as Defendant Warwick's employee, Defendant Prentiss.

      22.      As a direct, proximate and foreseeable result of the Defendant Warwick's careless, reckless, and negligent actions and conduct as described herein, Plaintiff suffered severe and permanent personal injuries and sustained the following damages:

      a)      Past, present and future medical expenses;

      b)      Past, present and future physical pain and suffering;

      c)      Past, present and future permanent physical impairment;

    d)       Past, present and future mental anguish;

    e)       Past, present and future emotional distress;

    f)       Past, present and future loss of household services;

    g)       Past, present and future lost wages and diminished earning capacity;

    h)       Past, present and future annoyance and inconvenience; and

    i)       Past, present and future loss of capacity to enjoy life

**WHEREFORE,** Plaintiff, Brian Breitkreutz demands judgment against the Defendants, Warwick Motor Carriers, Inc. and Clyde Prentiss, in an amount in excess of the jurisdictional limit that will fully and fairly compensate him for the damages resulting from the negligence, recklessness, carelessness, and other acts and omissions of the Defendants described herein. Plaintiff further demands any and all further relief this Honorable Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY UPON ALL ISSUES SO TRIABLE.**

**<u>BRIAN BREITKREUTZ</u>**
By Counsel:

/s/ Charles M. Johnstone, II
Charles M. Johnstone, II (WVSB No. 5082)
David A. Dobson (WVSB No. 12092)
**JOHNSTONE & GABHART, LLP**
P.O. Box 313
Charleston, West Virginia 22321
T: (304) 343-7100
F: (304) 343-7107
*Counsel for Plaintiff, Brian Breitkreutz*
G:\DOCUMENT\Cases\B\B127.000-BrianBreitkreutz-PI\Pleadings\P-Complaint.docx